IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. GERSTEIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants.<br>_____/ | No. C-06-4643 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO FOIA REQUESTS; SETTING DEADLINE FOR PRODUCTION; DENYING WITHOUT PREJUDICE REQUEST FOR <u>VAUGHN</u> INDEX; VACATING HEARING**<br><br>(Docket No. 8) |

    Before the Court is plaintiff Joshua A. Gerstein's ("Gerstein") motion to compel defendants Department of Defense ("DOD"), Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") to respond to Gerstein's requests under the Freedom of Information Act ("FOIA"). Defendants have filed joint opposition to the motion; Gerstein has filed a reply. Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, <u>see</u> Civil L.R. 7-1(b), hereby VACATES the December 1, 2006 hearing, and rules as follows.

## BACKGROUND

    Gerstein alleges he is a professional journalist employed full-time as a reporter covering legal and political issues for the New York Sun, a daily newspaper published in New York City. (<u>See</u> Compl. ¶ 2.)

    Gerstein alleges that "[f]rom mid-2005 to the present, President Bush, executive

branch officials, members of Congress, and the press have participated in an escalating public debate about unauthorized disclosures, often called 'leaks,' of classified information." (See Compl. ¶ 13.) According Gerstein, such debate "has been spurred and fueled by a series of highly-publicized news reports, including stories about alleged secret CIA prisons overseas, about the warrantless surveillance by the NSA of certain telephone calls placed or received by Americans, about an alleged decision by President Bush and Vice President Cheney to declassify an intelligence estimate on Iraq without notifying personnel normally notified in such declassification, and about the alleged tracking by government agencies of billions of long-distance telephone calls made within the United States." (See id.)

On March 16 and 17, 2006, Gerstein sent separate, but similar, FOIA requests to the Central Intelligence Agency ("CIA"), National Security Agency ("NSA"), DOD, DOJ, Department of State ("DOS"), FBI, and the National Reconnaissance Office ("NRO"), pursuant to which Gerstein sought certain records relating to unauthorized disclosures of classified information, and asked that the processing of each such request be expedited, on the ground that a compelling need exists for disclosure of the records sought. (See Gerstein Decl. ¶¶ 1, 5, 7-10, 13-14, and 16-18 and Exs. A, E, G-J, M-N, and P-R.) As an example, Gerstein's request to the CIA seeks the following records:

1. All so-called criminal referrals submitted by CIA to the Department of Justice ("DOJ") since January 1, 2001 regarding unauthorized disclosure of classified information to the press or public.

2. All responses from DOJ to CIA indicating the outcome of the investigations, inquiries, or legal analyses related to the incidents referenced in No. 1 above.

3. All records reflecting the outcome of disciplinary proceedings instituted in connection with the incidents referenced in No. 1 above.

4. All records reflecting the outcome of damage assessments conducted in connection with the incidents referenced in No. 1 above.

5. All logs, lists, tallies, tabulations, summary reports, compilations, and the like pertaining to the referrals described in No. 1 above, whether or not composed solely of those referrals.

6. All records pertaining to published reports in or about August 1998 that the United States was aware of or tracking a satellite telephone used by Osama Bin Laden, the source or sources of that alleged leak, all referrals by DOJ in

connection with that alleged leak, all replies from DOJ thereto, and any damage assessment conducted in connection with that alleged leak.

(See id. Ex. A at 1-2.)

The DOD, DOJ, FBI, and DOS granted Gerstein's request for expedited processing. (See id. Exs. F, L, O.)  The CIA and NSA denied Gerstein's request for expedited processing.[1]  (See id. Exs. B, and S.)  As of the date of the complaint, Gerstein alleges, he has received no records from any of the defendants in response to his FOIA requests. (See id. ¶¶ 15, 16, 20, 21, 22, 23.)[2]

Gerstein filed the instant action on July 31, 2006.  Gerstein alleges, inter alia, that (1) the CIA, DOD, DOJ, DOS, FBI, and NSA have violated FOIA by failing to disclose the requested records, or to justify their withholding, within 20 business days of the receipt of the requests; (2) the NRO has violated FOIA by failing to act on plaintiff's administrative appeal within 20 business days of receipt; and (3) the CIA and NSA have violated FOIA by failing to grant Gerstein's request for expedited processing.  (See id. ¶¶ 27-29.)

**LEGAL STANDARD**

Except in "unusual circumstances," an agency receiving a FOIA request must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request[.]"  See 5 U.S.C. § 552(a)(6)(A), (B).  "Upon any determination by an agency to comply with a request for

---

[1] According to Gerstein, the NRO rejected his request for expedited processing, but shortly thereafter advised him that it had located 31 pages of records responsive to his request and was withholding all records in their entirety pursuant to FOIA exemptions. (See Compl. ¶ 22.)  Gerstein alleges he has filed an administrative appeal of the NRO's withholding of responsive records, but, as of the date of the complaint, has received no response to the appeal.  (See id.)

[2] In a letter dated September 25, 2006, the DOJ Office of Professional Responsibility ("OPR") responded to Gerstein's FOIA request.  (See attachment to Second Gerstein Decl.)  In that response, OPR stated it had identified 328 responsive documents, 70 of which were duplicates; of the remaining 258 documents, OPR produced 59 documents in full and an additional 75 documents in part.  (See id.)  OPR referred 102 documents for review by the other agencies or other DOJ "components" from which they originated, and referred an additional nine documents because they "contain information that is of interest to other agencies or DOJ components."  (See id.)  OPR withheld the remaining information pursuant to various FOIA exemptions.  (See id.)

1 records, the records shall be made promptly available to such person making such
2 request." See 5 U.S.C. § 552(a)(6)(C)(i).

3 Where "unusual circumstances" exist,[3] the 20-day time limit "may be extended by
4 written notice to the person making such request setting forth the unusual circumstances
5 for such extension and the date on which a determination is expected to be dispatched,"
6 but "[n]o such notice shall specify a date that would result in an extension for more than ten
7 working days." See 5 U.S.C. § 552(a)(6)(B)(i). Where such written notice has been
8 provided, "the agency shall notify the person making the request if the request cannot be
9 processed within the time limit specified and shall provide the person an opportunity to limit
10 the scope of the request so that it may be processed within that time limit or an opportunity
11 to arrange with the agency an alternative time frame for processing the request or a
12 modified request." See 5 U.S.C. § 552(a)(6)(B)(ii).

13 "Any person making a request to any agency for records . . . shall be deemed to
14 have exhausted his administrative remedies with respect to such request if the agency fails
15 to comply with the applicable time limit provisions." See 5 U.S.C. § 552(a)(6)(C)(i). "If the
16 Government can show exceptional circumstances exist and that the agency is exercising
17 due diligence in responding to the request, the court may retain jurisdiction and allow the
18 agency additional time to complete its review of the records." See id. "[T]he term
19 'exceptional circumstances' does not include a delay that results from a predictable agency
20 workload of requests . . . , unless the agency demonstrates reasonable progress in
21 reducing its backlog of pending requests." See 5 U.S.C. § 552(a)(6)(C)(ii). "Refusal by a
22 person to reasonably modify the scope of a request or to arrange an alternative time frame

---

[3] FOIA provides that "'unusual circumstances' means, but only to the extent reasonably necessary to the proper processing of the particular requests – (I) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request;(II) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request; or (III) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." See 5 U.S.C. § 552(a)(6)(B)(iii).

for processing a request (or a modified request) . . . after being given an opportunity to do so by the agency to whom the person made the request shall be considered as a factor in determining whether exceptional circumstances exist." See 5 U.S.C. § 552(a)(6)(C)(iii).

Although FOIA provides for expedited processing of certain requests, see 5 U.S.C. § 552(a)(6)(C)(iii), the statute does not set forth a specific deadline by which expedited processing of a FOIA request must be concluded. Rather, the statute provides: "An agency shall process as soon as practicable any request for records to which the agency has granted expedited processing[.]" See 5 U.S.C. § 552(a)(6)(E)(iii). Nonetheless, "an agency that violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request 'as soon as practicable.'" See Electronic Privacy Information Center v. Department of Justice, 416 F. Supp. 2d 30, 39 (D.D.C. 2006). "The presumption of agency delay raised by failing to respond to an expedited request within twenty days" is, however, "rebuttable if the agency presents credible evidence that disclosure within such time period is truly not practicable." See id. at 39; see also 5 U.S.C. § 552(a)(6)(C)(i) (authorizing courts to grant agency additional time to complete review of records responsive to FOIA request "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request"). "[V]ague assertions, unsupported by credible evidence, are insufficient to demonstrate that further delay is . . . necessitated." See Electronic Privacy Information Center v. Department of Justice, 416 F. Supp. 2d at 39.

"Agency action to deny or affirm denial of a request for expedited processing . . . , and failure by an agency to respond in a timely manner to such a request [is] subject to judicial review . . . based on the record before the agency at the time of the determination." See 5 U.S.C. § 552(a)(6)(E)(iii). Additionally, "the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." See 5 U.S.C. § 552(a)(4)(B). In such a case the district court "determine[s] the matter de novo, . . . and the burden is on the agency to sustain its action." See id.

5

**DISCUSSION**

Gerstein moves to compel the DOD, DOJ, and FBI to release "all non-exempt responsive records and portions of records within 30 days of the Court's ruling." See Motion at 5:4-6.) Gerstein notes that although the DOD, DOJ, and FBI granted expedited processing of his FOIA requests, those requests have been pending for more than eight months and he has received no substantive response to his requests. Gerstein argues that because FOIA requires non-expedited requests to be processed within 20 days, defendants are in violation of FOIA by taking more than eight months to respond to FOIA requests that have been granted expedited processing.

As discussed above, defendants have the burden of demonstrating both the existence of exceptional circumstances, and that they are exercising due diligence in responding to Gerstein's FOIA requests, before the Court may grant defendants an extension of FOIA's time limits. See 5 U.S.C. § 552(a)(6)(C)(i) ("If the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records."). Here, defendants have submitted no evidence as to the reasons for their delay in processing Gerstein's requests, and no evidence that they are exercising due diligence. Accordingly, defendants have not demonstrated a need for additional time to complete their review. See, e.g., Electronic Privacy Information Center v. Department of Justice, 416 F. Supp. 2d at 39-40 (granting preliminary injunction by which DOJ required to complete processing of expedited FOIA request within 20 days because defendant submitted no evidence that timely processing was impracticable); see also Fiduccia v. United States Department of Justice, 185 F.3d 1035 (9th Cir. 1999) (rejecting defendant's request for eight-year extension of time to respond to non-expedited FOIA request where defendant's "own affidavits show[ed] that the circumstances were unexceptional").

Defendants do not contend otherwise. Rather, defendants argue that Gerstein cannot meet the requirements for a preliminary injunction. Assuming Gerstein's "Motion to

6

1  Compel" is, in effect, a motion for a preliminary injunction, he has satisfied the
2  requirements thereof.  In determining whether to grant a motion for a preliminary injunction,
3  the Court weighs "four equitable factors: the movant's likelihood of success on the merits;
4  the possibility of irreparable injury to the moving party; the extent to which the balance of
5  hardships favors each party; and whether the public interest will be advanced by granting
6  the preliminary relief."  See Overstreet v. United Brotherhood of Carpenters and Joiners of
7  America, Local Union No. 1506, 409 F.3d 1199, 1207 (9th Cir. 2005).  To obtain a
8  preliminary injunction, "a moving party must show either a combination of probable success
9  on the merits and the possibility of irreparable harm or serious questions going to the
10 merits, the balance of hardships tipping sharply in its favor, and at least a fair chance of
11 success on the merits."  See id. (internal quotation and citations omitted).  As set forth
12 below, Gerstein has made the requisite showing.
13      First, Gerstein has demonstrated a likelihood of success on the merits of his claim
14 that defendants are violating FOIA by failing to timely respond to his FOIA requests,
15 because defendants have submitted no evidence as to the reasons for such delay.  See
16 Electronic Privacy Information Center v. Department of Justice, 416 F. Supp. 2d at 39 n.8
17 (rejecting argument that plaintiff, on motion for preliminary injunction, bears burden of
18 demonstrating agency is not processing request as soon as practicable).  Indeed, in the
19 absence of relevant evidence as to the reasons for their delay in processing Gerstein's
20 requests, defendants have no likelihood of success on the merits.  See id. at 39-40 (finding
21 likelihood of success on merits of claim for untimely processing of expedited FOIA request
22 where defendants submitted no evidence of reasons for delay).
23      Next, Gerstein has demonstrated a likelihood of irreparable injury if an injunction is
24 not granted, because, as Gerstein argues, (see Motion at 4:14-18), "[t]he ongoing debate
25 about how to respond to classified leaks and how aggressively to investigate them cannot
26 be restarted or wound back."  See Electronic Privacy Information Center v. Department of
27 Justice, 416 F. Supp. 2d at 41 (finding adequate showing of irreparable injury to support
28 preliminary injunction where plaintiff would be precluded, in absence of injunction, "from

obtaining in a timely fashion information vital to the current and ongoing debate surrounding the legality of the Administration's warrantless surveillance program").

Third, with respect to the balance of hardships, defendants fail to submit any evidence that they would incur any hardship by being ordered to respond to Gerstein's FOIA requests in accordance with the proposed timeline. Accordingly, the balance of hardships tips entirely in Gerstein's favor.

Finally, the public interest is advanced by an injunction because, as Gerstein notes, a core purpose of FOIA is to allow the public to be informed about "what their government is up to," and "[o]fficial information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose." See United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 772-73 (1989); see also Electronic Privacy Information Center v. Department of Justice, 416 F. Supp. 2d at 42 (internal quotation and citation omitted) (finding public interest prong met because expedited release of requested documents "furthers FOIA's core purpose" and because of an "overriding public interest . . . in the general importance of an agency's faithful adherence to its statutory mandate"). Moreover, by granting Gerstein's request for expedited processing, defendants have effectively conceded that Gerstein has demonstrated an "urgency to inform the public" about the government activity that is the subject of his requests. See 5 U.S.C. § 552(a)(6)(E)(v)(II) (defining "compelling need" justifying request for expedited processing of FOIA request to include "urgency to inform the public concerning actual or alleged Federal Government activity").

Accordingly, the Court will GRANT Gerstein's motion to compel the DOD, DOJ, and FBI to process Gerstein's FOIA requests and to produce all non-exempt responsive records and non-exempt portions of records within 30 days.[4]

Lastly, Gerstein seeks an order requiring the DOD, DOJ, and FBI, as well as the

---

[4] The Court, by this order, does not preclude the DOD, DOJ, and/or FBI from withholding responsive documents pursuant to relevant FOIA exemptions. The question of whether any responsive documents may properly be withheld from production is not currently before the Court.

1  NRO, to provide, within 60 days of the date of this order, a <u>Vaughn</u> index of withheld
2  records.  A <u>Vaughn</u> index, <u>see</u> <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973), "must
3  identify each document withheld, and provide a particularized explanation of how disclosure
4  would violate an exemption" under FOIA.  <u>See</u> <u>Minier v. Central Intelligence Agency</u>, 88
5  F.3d 796, 803 (9th Cir. 1996).  The Ninth Circuit has held, however, that production of a
6  <u>Vaughn</u> index is not necessary in all FOIA cases, <u>see</u> <u>id</u>. at 804, and in particular, is
7  unnecessary where an "affidavit submitted by an agency is sufficient to establish that the
8  requested documents should not be disclosed," or where "a FOIA requester has sufficient
9  information to present a full legal argument."  <u>See</u> <u>id</u>.  In the instant case, as the DOD,
10 DOJ, and FBI have not yet responded to Gerstein's FOIA requests, and Gerstein has not
11 identified any deficiency in the NRO's response, Gerstein has not demonstrated the
12 necessity of a <u>Vaughn</u> index.  Accordingly, the Court will DENY Gerstein's request for a
13 <u>Vaughn</u> index, without prejudice to Gerstein's seeking such relief at a later date.

## CONCLUSION

15       For the reasons set forth above, Gerstein's motion to compel the DOD, DOJ, and
16 FBI to respond to Gerstein's FOIA requests within 30 days is hereby GRANTED.  The
17 DOD, DOJ, and FBI are hereby ORDERED to process Gerstein's FOIA requests and to
18 produce all non-exempt records and non-exempt portions of records that are responsive to
19 Gerstein's FOIA requests within 30 days of the date of this order.  Gerstein's request for a
20 <u>Vaughn</u> index is hereby DENIED without prejudice.
21       This order terminates Docket No. 8.
22       **IT IS SO ORDERED.**
23 Dated: November 29, 2006                           MAXINE M. CHESNEY
                                                      United States District Judge

9