IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. GERSTEIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　　　／ | No. C-06-4643 MMC<br><br>**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANTS' RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION TO MODIFY STIPULATION AND ORDER DISMISSING CERTAIN PENDING CLAIMS** |

　　　　Before the Court is defendant Central Intelligence Agency ("CIA") and defendant Department of Justice Office of Professional Responsibility's ("OPR") Renewed Motion for Partial Summary Judgment, filed January 5, 2009. Plaintiff Joshua Gerstein ("Gerstein") has filed a combined opposition and a cross-motion for partial summary judgment. Defendants have filed a combined reply in support of their motion and opposition to Gerstein's cross-motion, to which Gerstein has replied.

　　　　Also before the Court are two motions filed by Gerstein:  Gerstein's Motion to Modify Stipulation and Order Dismissing Certain Pending Claims and Gerstein's Motion for Partial Summary Judgment against the CIA, both filed February 6, 2009. The CIA and OPR have filed a joint opposition to the motion to modify, and the CIA has filed an opposition to the

motion for partial summary judgment, to which Gerstein has replied.[1]

Having read and considered the papers filed in support of and in opposition to the respective motions, the Court hereby rules as follows.

**BACKGROUND**

By the instant action, Gerstein, a reporter, asserts as against the CIA and OPR, claims under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and alleges said defendants improperly withheld documents he requested pertaining to unauthorized disclosures of confidential government information. The facts relevant to the parties' motions are set forth in detail in the Court's Order filed September 26, 2008 and will not be repeated herein. (See Order filed September 26, 2008 ("Order") at 2-4.) In that Order, the Court denied, without prejudice, defendants' motion for partial summary judgment with respect to the CIA's withholding of fourteen documents referred to it by the Department of Justice ("DOJ") and with respect to all of the documents withheld by OPR, and granted the CIA and OPR leave to file a renewed motion supported by more detailed declarations. (Id. at 33.) This Order addresses the CIA's and OPR's renewed motion for summary judgment.

**LEGAL STANDARD**

**A. Withholding of Documents under FOIA**

Pursuant to FOIA, "each [federal] agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." See 5 U.S.C. § 552(a)(3).

Nine specific categories of records, however, are exempt from disclosure. See 5 U.S.C. § 552(b). The exemptions "have been consistently given a narrow compass," see United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 151 (1989), and agency records that "do not fall within one of the exemptions are 'improperly' withheld." See id. If

---

[1] No reply has been filed with respect to the motion to modify.

only a portion of a record is exempt from disclosure, the agency must disclose the non-exempt portion if it is "reasonably segregable." See 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.")

"FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" United States Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)). Under FOIA, a district court may "enjoin the agency from withholding agency records and . . . order the production of any agency records improperly withheld." See 5 U.S.C. § 552(a)(4)(B). FOIA does not provide a monetary remedy. Gale v. U.S. Dep't. of Justice, Federal Bureau of Prisons, 628 F.2d 224, 226 n.4 (D.C. Cir. 1980).

### B. Adequacy of Vaughn Indices

Government agencies seeking to withhold documents requested under FOIA traditionally provide the opposing party and the court with a "Vaughn Index." A Vaughn Index is a list, accompanied by an affidavit and "identifying each document withheld, the statutory exemption claimed, and a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." See Wiener v. Federal Bureau of Investigation, 943 F.2d 972, 977 (9th Cir. 1991).

"Courts are permitted to rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought." See Lion Raisins v. U.S. Dept. of Agriculture, 354 F.3d 1072, 1082 (9th Cir. 2004) (citation omitted). "If the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further." Lane v. Dept. of the Interior, 523 F.3d 1128, 1135-36 (9th Cir. 2008) (internal quotation and citation omitted). Although the government "may not rely upon conclusory and generalized allegations of exemptions," it "need not specify its objections in such detail as to compromise the secrecy of the information." See Church of Scientology of California v. United States Dept. of the

Army, 611 F.2d 738, 742 (9th Cir. 1980). Nonetheless, where Vaughn indices "are conclusory, merely reciting statutory standards, or if they are too vague or sweeping," the government's motion for summary judgment must be denied. See King v. United States Department of Justice, 830 F.2d 210, 219 (D.C. Cir. 1987). "[B]oilerplate explanations" consisting of "[c]ategorical description[s] of redacted material coupled with categorical indication of anticipated consequences of disclosure" are "clearly inadequate." See Wiener v. F.B.I., 943 F.2d 972, 979 (9th Cir. 1991) (internal quotation and citation omitted) (second and third alteration in original).

Because the detail required in a Vaughn Index depends on the specific exemption claimed, see Wiener, 943 F.2d at 979, the Court will address the adequacy of defendants' Vaughn indices in connection with the specific exemptions on which each defendant relies.

## DISCUSSION

**A. Defendants' Withholdings Under FOIA Exemptions**

In support of their renewed Motion for Summary Judgment, defendants CIA and OPR rely on four FOIA exemptions.

Gerstein concedes the CIA's withholding of documents referred to the CIA by the DOJ was proper. (See "Plaintiff's Cross-Motion for Partial Summary Judgment Against Defendant Department of Justice and Plaintiff's Opposition, In Part, to Defendants' Renewed Motion for Summary Judgment" ("Pl.'s Cross-Mot. and Opp'n") at 2.) With respect to the CIA, those documents were the only documents remaining for consideration after the Court's prior order, and, consequently, no withholding by the CIA remains before the Court.

With respect to OPR, Gerstein concedes the propriety of some, but not all, of the withholdings claimed to be exempt. Specifically, Gerstein concedes OPR's withholding of fax numbers, telephone numbers, and "computer path file names" under Exemption 2 was proper. (Id.) Gerstein also concedes OPR's withholding of the names of government employees involved in the Inter-Agency Task Force ("IATF") pursuant to Exemptions 3, 6, and 7(C) was proper. (Id.) Lastly, Gerstein concedes that OPR properly relied upon

4

Exemptions 6 and 7(C) to the extent the information withheld pertains to low-level employees, complainants, and witnesses in OPR investigations.  (Id.)

Gerstein continues to contest the adequacy of OPR's disclosure in other respects, in particular, OPR's failure to disclose documents containing: (1) internal case filing numbers, allegation codes, and location codes withheld pursuant to Exemption 2; (2) segregable factual material withheld pursuant to Exemption 5; and (3) information concerning OPR investigations of government employees withheld pursuant to Exemptions 6 and 7(C).  Gerstein also contests OPR's withholding of a document identified in OPR's Vaughn Index as OPR-3[2] and withheld pursuant to Exemption 7(E) as well as under each of the above-referenced exemptions.  (See Pl.'s Cross-Mot. and Opp'n at 2-7.)

The Court addresses each of the contested withholdings in turn.

**1. OPR's Withholdings Under Exemption 2**

OPR argues that it has properly withheld, under Exemption 2, case filing numbers, allegation codes, and location codes, on the ground that disclosure of such information would lead to "circumvent[ion of] the security of OPR's computerized databases" and because such "information is strictly internal and exempt from disclosure."[3]  (See, e.g., OPR Vaughn Index at 1.)[4]  Gerstein argues that "case filing numbers used by some agencies or components [of agencies] often show up in documents obtained from other agencies" and that "because documents disclosed in this case are heavily redacted," without such information he cannot "cross-reference documents received from OPR."

---

[2] Although the parties, in their respective briefing, both refer to such document as "OPR-5," the Court notes OPR's Vaughn Index does not contain a listing with that number.  The index, however, does contain, at page 5, a document identified as "OPR-3," which document is withheld pursuant to Exemption 7(E) and matches the description of "OPR-5."  The Court thus concludes that the parties, when referring to "OPR-5," are in fact referring to OPR-3.

[3] OPR withheld case filing numbers, allegation codes, and location codes contained in the documents listed as OPR-1, 2, 3, 83, 85-110, 113-33, and 148.  OPR also withheld case filing numbers contained in documents OPR-112 and 134-47.

[4] OPR's Vaughn Index is attached as Exhibit G to Exhibit 2 (Declaration of Patricia Reiersen) to Defendants' Renewed Motion for Summary Judgment.

5

Under FOIA's Exemption 2, a government agency may withhold materials "related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2). Materials qualifying under Exemption 2 include "high-2" materials, which are "law enforcement materials, the disclosure of which may risk circumvention of agency regulation," Hardy v. Bureau of Alcohol, Tobacco & Firearms, 631 F.2d 653, 656 (9th Cir. 1980), as well as "low-2" materials, which are matters "in which the public could not reasonably be expected to have an interest." See Dep't of the Air Force v. Rose, 425 U.S. 352, 369-70 (1976).

**a. High-2 Withhholding**

If the disclosure of withheld government materials would "risk circumvention of agency regulation", such withholding is proper under Exemption 2. See Hardy 631 F.2d at 656. In Dirksen v. United States Department of Health and Human Services, 803 F.2d 1456 (9th Cir. 1980), for example, the agency was found to have properly applied Exemption 2 to withhold the guidelines used to categorize, for speed in processing, the types of Medicare claims that could be granted automatically as well as those that either would be denied or subject to more detailed review. See id. at 1457. The court in Dirksen reasoned that such withholding was proper under Exemption 2 because public disclosure would allow individuals to fashion their claims to conform to the guidelines, thereby causing the guidelines to "lose the utility they were intended to provide." See id. at 1459; see also Gordon v. FBI, 388 F. Supp. 2d 1028, 1035-36 (N.D. Cal. 2005) (holding documents relating to terrorist watch-lists properly withheld under Exemption 2; finding publication could enable terrorists to circumvent detection efforts).

Here, OPR asserts that disclosure of its filing numbers, allegation codes, and location codes, would enable individuals to "circumvent the security of OPR's computerized databases and thereby gain unauthorized access to sensitive law enforcement records." (See, e.g., OPR Vaughn Index at 1.) Such conclusory assertion, however, does not provide an adequate basis for withholding under Exemption 2. Unlike the guidelines withheld in Dirksen or the watch-lists withheld in Gordon, the nature of the information itself

does not make clear how the public's knowledge thereof would risk circumvention of agency regulation, i.e., in this instance, how such knowledge would allow an individual to "circumvent the security of OPR's computerized databases" and obtain unauthorized access thereto. OPR provides no additional information in that regard, and, indeed, does not even define the terms "location code" and "allegation code."[5]

OPR argues, without further elaboration, that disclosure of such information, "[e]ven if not sufficient in and of itself to permit a breach of OPR's computer security," would be "problematic" if such a breach were achieved by other means. (See Defendants' Reply and Opposition to Plaintiff's Cross Motion ("OPR Reply") at 4). As discussed above, a conclusory assertion of this nature, standing alone, is insufficient to support summary judgment in favor of OPR.

**b. Low-2 Withholding**

Relying on Scherer v. Kelley, 584 F.2d 170 (7th Cir. 1978), OPR contends Gerstein has failed to make a sufficient showing as to his need for the above-referenced information. In Scherer, the Court of Appeals found the government's withholding of information requested under FOIA was proper under Exemption 2 because "the public interest [was] minimal" with respect to "file numbers, initials, signature and mail routing stamps, references to interagency transfers, and data processing references" and the government had otherwise provided a "sufficiently detailed means of cross-reference." See id. at 175-76. In response, Gerstein cites to Gerstein v. United States Department of Justice, 2005 U.S. Dist. Lexis 41276 (N.D. Cal. 2005), in which the district court reasoned that withholding page numbers under Exemption 2 was improper because "the public ha[d] an interest in learning about [the subject of Gerstein's investigation]" and "the redacted page numbers prevent[ed] Gerstein from linking documents together in a meaningful way." See id. at *37. The court in Gerstein distinguished Sherer, noting that in Scherer, "there was no

---

[5] For purposes of the instant motions, and until a different definition is provided, the Court assumes a "case filing number" is the number assigned by OPR to a given case under investigation.

7

1 indication that the redacted information served any useful purpose," whereas in <u>Gerstein</u>
2 the redacted page numbers prevented cross-referencing of the documents produced.
3 Here, OPR does not argue, let alone declare in its <u>Vaughn</u> Index, that it has produced
4 sufficient information to allow Gerstein to meaningfully cross-reference the documents
5 produced. Although OPR argues that Gerstein needs to explain more clearly his need to
6 cross-reference, Gerstein's filings provide sufficient information to allow OPR to
7 meaningfully respond to his asserted need for the additional information he seeks.

8 Accordingly, for all of the reasons set forth above, OPR's motion for summary
9 judgment will be denied with respect to its withholding, under Exemption 2, of case filing
10 numbers, allegation codes, and location codes. As set forth <u>infra</u>, such denial will be
11 without prejudice to OPR's filing a renewed motion for summary judgment in which OPR
12 supports its withholding of such documents by a more detailed <u>Vaughn</u> Index and/or
13 affidavit(s).

**2. OPR's Withholdings Under Exemption 5**

15 OPR seeks to withhold certain documents in their entirety, as well as portions of
16 other documents, under Exemption 5. (<u>See</u> OPR Brief at 14-16.) Exemption 5 protects
17 from disclosure "inter-agency or intra-agency memorandums or letters which would not be
18 available by law to a party other than an agency in litigation with the agency." 5 U.S.C.
19 § 552(b)(5). This provision shields "documents . . . normally privileged in the civil
20 discovery context." <u>Carter v. United States DOC</u>, 307 F.3d 1084, 1088 (9th Cir. 2002)
21 (citing <u>NLRB v. Sears, Roebuck & Co.</u>, 421 U.S. 132, 149 (1975)). "Accordingly, it includes
22 a 'deliberative process' privilege." <u>Carter</u>, 307 F.3d at 1088-89 (citing <u>Dep't of the Interior v.</u>
23 <u>Klamath Water Users Protective Assoc.</u>, 532 U.S. 1, 8 (2001)). Pursuant to the deliberative
24 process privilege, agencies may withhold "documents reflecting advisory opinions,
25 recommendations and deliberations comprising part of a process by which governmental
26 decisions and policies are formulated." <u>Carter</u>, 307 F.3d at 1089.

27 "To fall within the deliberative process privilege, a document must be both
28 'predecisional' and 'deliberative.'" <u>Carter</u>, 307 F.3d at 1089 (citing <u>Assembly of California v.</u>

1 United States Department of Commerce, 968 F.2d 916, 920 (9th Cir. 1992)).

> A predecisional document is one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is a part of the deliberative process, if the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.

Carter, 307 F.3d at 1089 (internal quotation and citation omitted).

In the instant action, Gerstein, in his opposition, expressly challenges the withholding of OPR-27, OPR-84, and OPR-196, but does not expressly concede the propriety of OPR's other Exemption 5 withholdings. Under such circumstances, the Court will address each of OPR's Exemption 5 withholdings.

**a. Documents Withheld in Full Under Exemption 5**

Gerstein challenges OPR's withholding of full documents under Exemption 5, on the asserted grounds that the documents (1) are not predecisional in nature, or alternatively, (2) contain non-privileged factual portions that are segregable from any privileged portions. (Pl.'s Cross-Mot. and Opp'n at 4-5); see also Pacific Fisheries, Inc. v. U.S., 539 F.3d 1143, 1148 (9th Cir. 2008) (holding "[f]actual portions of documents covered by the deliberative process privilege must be segregated and disclosed unless they are so interwoven with the deliberative material that they are not segregable") (internal quotations, alterations, and citation omitted).

The Court finds OPR's Vaughn Index, is sufficient to demonstrate that documents OPR-27, OPR-84, and OPR-196 constitute predecisional documents reflecting OPR's internal deliberative process in handling "leak" investigations. In particular, the Vaughn Index describes said documents as containing an "overview and analysis of OPR leak investigations [from] 1996 through 1999" and "providing information to management [for] use in the decision making process" (OPR Vaughn Index at 51, 56), the disclosure of which would "chill the free flow of information from subordinate to management staff" and/or expose OPR's "deliberative process," (id.). OPR has not, however, sufficiently supported

9

its assertion that the documents contain "no reasonably segregable information that could be released." (Id.) OPR is required to disclose "as much information as possible without thwarting the claimed exemption's purpose." Pac. Fisheries, 539 F.3d at 1148-49 (internal quotation and citation omitted). OPR's conclusory assertion with respect to segregability is insufficient to support its withholding of such documents in their entirety. See id. at 1149 (finding "too conclusory" agency's statement that it had "attempted to make all reasonably segregable non-exempt portions . . . available to plaintiff").

Similarly, OPR has shown OPR-196 is entitled to protection as a predecisional document. (See OPR Vaughn Index at 59) (describing OPR-196 as memorandum to counsel "concerning OPR protocol and techniques for conducing leak investigations" and stating disclosure would "reveal the deliberative process by which DOJ components advise DOJ management for use in developing Department-wide policy"). Again, however, OPR's conclusory statement that the document "contain[s] no reasonably segregable information" is insufficient.

Lastly, OPR has made an adequate showing that OPR-20, OPR-21, OPR-22, OPR-48, OPR-78, OPR-79, OPR-80, OPR-112, OPR-161, OPR-178, and OPR-185 are exempt as predecisional. As described in the Vaughn Index, the documents constitute notes, memoranda, draft letters, and other writings, prepared either by or for counsel and memorializing and/or conveying recommendations and analyses to be used in litigation and/or the investigative process. (See Vaughn Index at 50, 52-55, 57, 58-59.) Once again, however, OPR's use of the above-quoted language regarding segregability is insufficient to show that either the entire document consists of exempt content or that the factual materials are "so interwoven with the deliberative material that they are not segregable." See Pac. Fisheries, 539 F.3d at 1148 (internal quotation and citation omitted).

Accordingly, OPR's motion for summary judgment will be denied with respect to documents withheld in full under Exemption 5, and, for the reasons set forth infra, the Court will afford OPR an opportunity to submit additional support for such withholding.

**b. Documents Withheld in Part Under Exemption 5**

OPR has made an adequate showing that OPR-1, OPR-3, OPR-12, OPR-13, OPR-49, OPR-82, OPR-108, OPR-109, OPR-113, OPR-146, OPR-167, OPR-219, and OPR-241 contain information that is exempt as predecisional. As described in the Vaughn Index, the documents constitute notes, memoranda, investigative synopses, and other writings, memorializing and/or conveying recommendations and analyses to be used in litigation and/or the investigative process. (See Vaughn Index at 1-2, 4-5, 8, 9, 24, 25, 27-28, 46, and 48.)

Accordingly, OPR's motion will be granted with respect to documents partially withheld under Exemption 5.

**3. Exemptions 6 and 7(C)**

Exemption 6 exempts material for "personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) exempts law enforcement materials that "could reasonably be expected to constitute an unwarranted invasion of personal privacy." Id. at b(7)(C). Because Courts need only be concerned with "unwarranted" invasions of privacy, however, Exemptions 6 and 7(C) both require a balancing of interests. See Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 973 (9th Cir. 2009). In particular, "to determine whether a record is properly withheld, [the court] must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure." Id.

The personal privacy interests that the Court must balance "encompass a broad range of concerns relating to an individual's control of information concerning his or her person . . . and an interest in keeping personal facts away from the public eye." Id. at 974. (internal quotation and citation omitted). "Once the government has identified a cognizable privacy interest, the only relevant public interest in the FOIA balancing analysis is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." Id.

(internal quotation and citation omitted) (emphasis in original).  Consequently, "[w]here there are relevant privacy interests at stake, a requester must demonstrate that the interest served by disclosure is a significant one. . . and that disclosure is likely to advance that interest."  See id.  A Vaughn Index, however, "must, to the extent possible without sacrificing the privacy interest in the process, provide the FOIA requester with the information necessary to contest the agency's conclusion that this balance tips in favor of withholding.  Wiener v. FBI, 943 F.2d 972, 984 (9th Cir. 1991) (requiring "adequate specificity" in agency showing).

      Here, Gerstein contests OPR's withholding, under Exemptions 6 and 7(C), of information concerning "third-party individuals."  (See, e.g., Vaughn Index at ).  In particular, Gerstein contends, "[t]he factual record . . . lacks the detail or even categorization for this Court to make its own judgment that the balance required . . . has been properly struck."  (Pl.'s Cross-Mot. and Opp'n at 7.)  As noted, Gerstein has withdrawn his challenge to OPR's withholding, under Exemption 6 and 7(C), of information regarding complainants and witnesses involved in OPR investigations, as well as information regarding low-level government employees.  (Id. at 2.)  Gerstein challenges, however, OPR's withholdings under these two exemptions to the extent the withheld information relates to certain federal employees under investigation by OPR and, as noted above, contends OPR's references to "third-party individuals" are insufficient to allow the Court to examine the propriety of any withholding so described.  The Court agrees that OPR's showing is deficient.

      At the outset, the Court is in accord that OPR's reference to "third-party individuals" is insufficient to allow the Court to determine whether information concerning such individuals falls within the categories to which Gerstein has withdrawn his challenge.  As noted above, Gerstein does not challenge the withholding of information concerning complainants or witnesses involved in investigations, or low-level government employees, but does challenge OPR's withholding of information pertaining to government employees who are the subject of OPR investigations.

12

1    Next, to the extent any such "third-party individual" may be a government employee,
2    OPR's Vaughn Index lacks the detail required to enable the Court to balance the public
3    interest against such individual's privacy interest.  Significantly, OPR fails to provide the
4    nature of the position held by such government employee.  See Forest Serv. Emples. v.
5    United States Forest Serv., 524 F.3d 1021, 1025 (9th Cir. 2008) ("Plac[ing] emphasis on
6    the employee's position in her employer's hierarchical structure"; noting "lower level officials
7    . . . generally have a stronger interest in personal privacy than do senior officials") (internal
8    quotation and citation omitted); Lane v. DOI, 523 F.3d 1128, 1137-38 (9th Cir. 2008)
9    (finding "public interest is heightened" where individual is "high level employee").  Second,
10   OPR's Vaughn Index does not describe whether such employee was the subject of
11   investigation, and/or whether sanctions or discipline was imposed.  See Hunt v. FBI,
12   972 F.2d 286, 289-90 (9th Cir. 1992) (finding "the public interest in ensuring the integrity
13   and the reliability of government investigation procedures is greater where there is some
14   evidence of wrongdoing on the part of the government official"); Stern v. FBI, 737 F.2d 84,
15   92 (D.C. Cir. 1984) (holding public has interest in disclosure of identities of "censured
16   employees"); Chang v. Department of Navy, 314 F. Supp. 2d 35, 43-44 (D.D.C. 2004)
17   (recognizing public's "competing interest . . . in knowing the identities of disciplined
18   government officials in order to hold the governors accountable to the governed") (internal
19   quotation and citation omitted).
20   Accordingly, OPR's motion for summary judgment will be denied with respect to
21   documents and information withheld under Exemption 6 and 7(C), and, for the reasons set
22   forth above, the Court will afford OPR an opportunity to submit a more detailed affidavit in
23   support of such withholdings.

### 4. OPR's Withholdings Pursuant to Exemption 7(E)

25   Gerstein objects to OPR's partial withholding of OPR-3 under Exemption 7(E),
26   arguing that OPR's justification for this withholding is "entirely conclusory."  (See Pl.'s
27   Cross-Mot. and Opp'n at 7.)  OPR responds that this same document is partially withheld
28   based on other exemptions, and "[w]hen the justification for withholding is read in its

entirety, it is clear that the document contains information pertaining to law enforcement techniques or procedures used by OPR in conducting leak investigations." (OPR Reply at 8 n.4.)

Exemption 7(E) exempts from disclosure:

records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

5 U.S.C. § 552(b)(7)(E). To withhold under Exemption 7(E), "the government must show that: (1) the records were compiled for a law enforcement purpose, and (2) the records reveal law enforcement techniques or guidelines that, if disclosed, 'could reasonably be expected to risk circumvention of the law.'" See Gordon v. FBI, 388 F. Supp. 2d 1028, 1035 (N.D. Cal. 2005) (quoting 5 U.S.C. § 552(b)(7)(E)).

Here, OPR states that OPR-3 "contains internal law enforcement information" that, if revealed, "would disclose techniques and procedures [ ] used by OPR in conducting law enforcement investigations which could reasonably be expected to risk circumvention of the law." (See OPR Vaughn Index at 4.) OPR also states that OPR-3 contains "recommendations on the proposed handling of OPR's investigation" of allegations, which allegations, "if proven, could result in criminal prosecution, termination of employment and other sanctions." (See id. at 4-5.)

The Court finds OPR's submission with regard to OPR-3 is sufficient to support withholding under Exemption 7(E). It is readily foreseeable that the manner in which OPR investigates leaks and makes recommendations as to the handling of its investigations could assist individuals who seek to make or receive unauthorized disclosures. In short, OPR has shown that further disclosure of OPR-3 would "risk circumvention of the law." See 5 U.S.C. § 552(b)(7)(E); see also Gordon, 388 F. Supp. 2d at 1035-36.

Accordingly, OPR's motion for summary judgment will be granted with respect to its withholding of OPR-3.

**B. Gerstein's Cross-Motion for Partial Summary Judgment**

In his combined opposition and cross-motion for partial summary judgment, Gerstein argues that "since this was the second attempt by [OPR] to present facts sufficient to justify its withholdings," the Court should (1) order that the documents be disclosed or (2) conduct an "in camera review of the records and/or [allow] limited discovery." (See Pl.'s Cross-Mot. and Opp'n at 8.) Because OPR's Vaughn Index was not submitted to the Court in support of any prior motion for summary judgment, however (see Order at 30), OPR has not had a prior opportunity to address the above identified deficiencies. Consequently, the Court will not at this time order OPR to disclose the content of the above-referenced documents.

The Court also declines to conduct at this time an in-camera review. Such review is appropriate "only after the government has submitted as detailed public affidavits and testimony as possible." See Lion Raisins v. U.S. Dept. of Agriculture, 354 F.3d 1072, 1083 (9th Cir. 2004) (citation omitted). "If the government's initial attempts to provide justification for its claimed exemption fail to provide a sufficient basis for decision, the district court may require the government to submit more detailed public affidavits before resorting to in camera review of the documents themselves and/or in camera affidavits." See Pollard v. FBI, 705 F.2d 1151, 1154 (9th Cir. 1983).

The Court likewise declines to issue an order allowing Gerstein to conduct discovery at this time. In an action brought under FOIA, a district court "may allow the government to move for summary judgment before the plaintiff conducts discovery." See Lane v. Dep't of Interior, 523 F.3d 1128, 1134 (9th Cir. 2008). Although OPR has twice moved for summary judgment herein, the Court, as noted, has not previously addressed the sufficiency of OPR's Vaughn Index. (See Order at 33); see, e.g., Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F. Supp. 2d 54, 65 (D.D.C. 2002) (denying plaintiff's request for discovery where agency affidavits were "deficient" but agency was afforded opportunity to file "a renewed motion for summary judgment").

Accordingly, Gerstein's cross-motion for partial summary judgment with respect to the above-referenced documents will be denied without prejudice to Gerstein's filing a

1 renewed cross-motion for summary judgment, and the Court will afford OPR an opportunity
2 to file a renewed motion for summary judgment in which OPR supports its withholding of
3 documents with a more detailed Vaughn Index and/or affidavit(s).

### C. Gerstein's Rule 60(a) Motion and Motion for Partial Summary Judgment

By Order filed October 10, 2008, the Court, based on a stipulation of the parties, dismissed, inter alia, Gerstein's Second Cause of Action, by which Gerstein alleged the CIA failed to promulgate regulations providing for administrative appeals of requests for expedited processing of requests under FOIA. (See Plaintiff's Motion to Modify Stipulation and Order Dismissing Certain Pending Claims, filed February 6, 2009, ("Motion to Modify") at 1-2.) Gerstein now argues that neither he nor any defendant had discussed or intended by such stipulation to dismiss that particular claim. Relying on Rule 60(a) of the Federal Rules of Civil Procedure, Gerstein seeks to set aside such dismissal on the ground it was a "mistake arising from oversight of omission." See id. at 2:26; see also Fed. R. Civ. P. 60(a). Gerstein's reliance on Rule 60(a) is unavailing.

The purpose of Rule 60(a) is to allow a district court to modify a judgment, or other part of the court record, in order to correct "clerical mistakes" and similar mistakes or omissions made by the court itself or the clerk of court. See Fed R. Civ. P. 60(a). Rule 60(a) is not intended as a remedy for errors made by a party. Compare Fed. R. Civ. P. Rule 60(a) (providing for correction of mistakes "found in a judgment, order, or other part of the record") with Fed. R. Civ. P. 60(b) (providing for relief from judgment or order based on "mistake, inadvertence, surprise, or excusable neglect" by "a party"). Consequently, the motion fails.

Even if the Court were to construe the motion as made under Rule 60(b), however, and even assuming, arguendo, grounds for relief thereunder could be shown, the motion again fails. Rule 60(b) provides relief from a "final" judgment or order. See Fed. R. Civ. P. 60(b). No final judgment or order has been issued herein.

Accordingly, Gerstein's motion for modification of the prior stipulation and order and motion for partial summary judgment against the CIA will be denied.

**CONCLUSION**

For the reasons set forth above,

1. Defendants' Motion for Partial Summary Judgment is hereby GRANTED in part and DENIED in part as follows:

    a. With respect to the CIA's withholding of documents referred to it by the DOJ, the motion is GRANTED.

    b. With respect to OPR's withholding of fax numbers, telephone numbers, and computer path file names under Exemption 2, the motion is GRANTED.

    c. With respect to OPR's withholding of names of government employees involved in the IATF under Exemptions 3, 6, and 7(C), the motion is GRANTED

    d. With respect to OPR's withholding of case filing numbers, allegation codes, and location codes under Exemption 2, the motion is DENIED.  Such denial is without prejudice to OPR's filing, no later than April 2, 2010, a renewed motion for summary judgment in which OPR supports the withholding of such documents with a more detailed Vaughn Index and/or affidavit(s).

    e. With respect to OPR's withholding in full of documents under Exemption 5, the motion is DENIED.  Such denial is without prejudice to OPR's filing, no later than April 2, 2010, a renewed motion for summary judgment in which OPR supports the withholding of such documents with a more detailed affidavit.

    f. With respect to OPR's partial withholding of documents under Exemption 5, the motion is GRANTED.

    g. With respect to OPR's withholding of information concerning "third-party individuals" pursuant to Exemptions 6 and 7(C), the motion is DENIED.  Such denial is without prejudice to OPR's filing, no later than April 2, 2010, a renewed motion for summary judgment in which OPR supports such withholding with a more detailed Vaughn Index and/or affidavit(s).

    h. With respect to OPR's withholding of portions of OPR-3 pursuant to Exemption 7(E), the motion is GRANTED.

2. Gerstein's Cross-Motion for Partial Summary Judgment in favor of Gerstein and against OPR is hereby DENIED without prejudice.

3. Gerstein's Motion to Modify Stipulation and Order Dismissing Certain Pending Claims against the CIA is hereby DENIED.

4. Gerstein's Motion for Partial Summary Judgment against the CIA is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 23, 2010

_____
MAXINE M. CHESNEY
United States District Judge