IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. GERSTEIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants<br>_____/ | No. C 06-4643 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S SECOND RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING PLAINTIFF'S RENEWED MOTION FOR PARTIAL SUMMARY JUDGMENT; VACATING HEARING** |

     Before the Court, in the above-titled action brought under the Freedom of Information Act ("FOIA"), are defendant Department of Justice Office of Professional Responsibility's ("OPR") Second Renewed Motion for Partial Summary Judgment, filed May 21, 2010, and plaintiff Joshua Gerstein's ("Gerstein") Renewed Cross-Motion for Partial Summary Judgment and Opposition, filed June 18, 2010, to which OPR has filed a reply and opposition. Having read and considered the papers filed in support of and in opposition to the respective motions, the Court hereby rules as follows.

     By order filed February 23, 2010 ("Order"), the Court denied without prejudice OPR's Motion for Partial Summary Judgment with respect to OPR's: (1) "withholding of case filing numbers, allegation codes, and location codes under Exemption 2"; (2) "withholding in full of documents under Exemption 5"; and (3) "withholding of information concerning 'third-party individuals' pursuant to Exemptions 6 and 7(C)." (See Order at 17); see also 5 U.S.C.

§ 552(b) (providing exemptions to FOIA disclosures).  Additionally, by said Order, the Court afforded OPR an opportunity to file a renewed motion for summary judgment with further support for the above-referenced withholdings.  (Id.)

Thereafter, OPR "released to plaintiff additional information contained in 122 pages that had previously been withheld" (see Second Declaration of Patricia Reiersen ("Reiersen Decl.") ¶ 9; see also id. ¶ 11); some of the documents were released in full, while others were released in redacted form under Exemptions 5, 6, and/or 7(C).  (See id. ¶¶ 9, 11, 16, 26.)[1]  Gerstein now challenges OPR's withholding of redacted information contained in the following four documents: OPR 79, OPR 84-26, OPR 108, and OPR 109.  (See Cross-Motion at 2:14-19.)  The Court addresses the remaining claimed exemptions in turn.

1. As to Exemption 5, the Court, in its prior Order, found OPR had sufficiently demonstrated that documents OPR 79, OPR 84, OPR 108, and OPR 109 were predecisional documents reflecting OPR's internal deliberative process.  (See Order at 9:21-23, 10:15-17, 11:2-4.)  The Court further found, however, that OPR had not adequately supported its conclusory assertion that OPR 79 and OPR 84 contained "no reasonably segregable information that could be released" (Order at 9:28 - 10:5), and afforded OPR an opportunity to submit additional support for such withholding (see id. at 10:27); see also 5 U.S.C. § 552(b) ("Any reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt.").  Having reviewed the declaration filed in support of OPR's motion (see Reierson Decl. ¶¶ 13-24), and the documents released to Gerstein in redacted form (see Eleventh Declaration of Joshua Gerstein ("Gerstein Decl.") Exs. OPR 79, OPR 84-26, OPR 108, OPR 109), the Court finds OPR has made a sufficient showing under Exemption 5 and that

---

[1] OPR has released case file numbers and allegation codes previously withheld under Exemption 2 (see Reiersen Decl. n.1) but, citing Exemptions 6 and 7(C), continues to withhold location codes, on the ground that disclosure thereof "could aid in identifying a complainant, witness, or subject" (see id. ¶ 26).  As discussed below, OPR has not made a sufficient showing as to its withholding of information concerning the identities of the subjects under investigation.  Accordingly, to the extent OPR seeks summary judgment as to its withholding of location codes, OPR's motion will be denied without prejudice.

2

it has released the non-exempt, "reasonably segregable" information contained in each of the four above-referenced documents.

Accordingly, with respect to OPR's withholding of portions of OPR 79, OPR 84-26, OPR 108, and OPR 109 pursuant to Exemption 5, OPR's motion for summary judgment will be granted.

2. As to Exemptions 6 and 7(C), the Court previously found OPR's withholding of information based on "OPR's reference to 'third-party individuals' [was] insufficient to allow the Court to determine whether . . . . [the] information pertain[ed] to government employees who are the subject of OPR investigations" (see Order at 12:22-28) and "OPR's Vaughn Index lack[ed] the detail required to enable the Court to balance the public interest against [such government employee's] privacy interest" (see id. at 13:1-3); see also Forest Service Employees for Environmental Ethics v. U.S. Forest Service, 524 F.3d 1021, 1025 (9th Cir. 2008).[2] In particular, the Court found OPR had "fail[ed] to provide the nature of the position held by such government employee" (id. at 13:3-4) and "whether such employee was the subject of investigation, and/or whether sanctions or discipline was imposed" (id. at 13:10-11).

The Court finds OPR's supplemental submission is sufficient to show that government employees were the subject of OPR's investigation and that the employees ultimately were sanctioned or disciplined; OPR's submission remains deficient, however, as to the "nature of the position" held by such employees. Although two of the released documents, OPR 108 and OPR 109, identify the subjects of OPR's investigation as, respectively, "Assistant U.S. Attorney" and "Assistant Director in Charge" (see Gerstein

---

[2] In its prior Order, the Court noted that "Gerstein has withdrawn his challenge to OPR's withholding, under Exemption 6 and 7(C), of information regarding complainants and witnesses involved in OPR investigations, as well as information regarding low-level government employees." (Order at 12:13-16.) In his opposition and renewed cross-motion, Gerstein states that he only "agreed not to contest . . . . the withholding of the names of 'low-level OPR employees,'" not low-level government employees generally. (See Opp. at 3 n.1.)

Decl. Exs. OPR 108, OPR 109),[3] OPR provides no information as to what those positions entail or as to either employee's "position in [the] employer's hierarchical structure," see Forest Service Employees, 524 F.3d at 1025, sufficient to enable the Court to balance such individuals's privacy interest against the public interest, see id. at 1026.

Accordingly, with respect to OPR's withholding of portions of OPR 79, OPR 84-26, OPR 108, and OPR 109 pursuant to Exemptions 6 and 7(C), OPR's motion for summary judgment will be denied without prejudice, and the Court will afford OPR a further opportunity to submit a more detailed declaration to address the above-referenced deficiencies.

3. With respect to Gerstein's cross-motion for summary judgment, by which Gerstein seeks an order of disclosure and, alternatively, requests the Court conduct an in-camera review and/or allow discovery, the Court, as discussed, currently lacks information as to the nature of the positions held by the subject government employees sufficient to enable the Court to determine the propriety of OPR's redactions pertaining to their identities. Consequently, the Court will not at this time order OPR to disclose the redacted portions of the above-referenced documents. The Court also declines to conduct at this time an in-camera review. Such review is appropriate "only after the government has submitted as detailed public affidavits and testimony as possible." See Lion Raisins v. U.S. Dept. of Agriculture, 354 F.3d 1072, 1083 (9th Cir. 2004) (internal quotation and citation omitted). The Court likewise declines to issue an order allowing Gerstein to conduct discovery at this time. See, e.g., Judicial Watch, Inc. v. U.S. Dep't of Justice, 185 F.Supp.2d 54, 65 (D.D.C. 2002) (denying plaintiff's request for discovery where agency affidavits were "deficient" but agency was afforded opportunity to file "a renewed motion for summary judgment").

Accordingly, Gerstein's cross-motion for partial summary judgment will be denied

---

[3] There is no express indication in OPR 79 and OPR 84-56 that either such document contains a job title. It appears, however, that all four documents under consideration herein concern the same investigation and subjects thereof. (See Gerstein Decl.; Reierson Decl. ¶ 28.)

4

without prejudice to Gerstein's filing a second renewed motion for summary judgment.

## CONCLUSION

For the reasons set forth above,

1. Defendant OPR's Second Renewed Motion for Partial Summary Judgment is hereby GRANTED in part and DENIED in part as follows:

    a.  With respect to OPR's withholding of portions of OPR 79, OPR 84-26, OPR 108, and OPR 109 pursuant to Exemption 5, the motion is GRANTED.

    b.  With respect to OPR's withholding of portions of OPR 79, OPR 84-26, OPR 108, and OPR 109 pursuant to Exemptions 6 and 7(C), the motion is DENIED. Such denial is without prejudice to OPR's filing, no later than October 22, 2010, a renewed motion for summary judgment in which OPR supports the withholding of such portions with a more detailed affidavit or affidavits.

2. Gerstein's Renewed Cross-Motion for Partial Summary Judgment is hereby DENIED without prejudice.

3. In light of the above, the hearing scheduled for October 8, 2010 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: September 17, 2010

MAXINE M. CHESNEY
United States District Judge