IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. GERSTEIN,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL INTELLIGENCE AGENCY, et al.,<br><br>    Defendants<br>                                     / | No. C 06-4643 MMC<br><br>**ORDER GRANTING DEFENDANT'S THIRD RENEWED MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S SECOND RENEWED CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT; VACATING HEARING** |

    Before the Court, in the above-titled action brought under the Freedom of Information Act ("FOIA"), are defendant Department of Justice ("DOJ") Office of Professional Responsibility's ("OPR") Third Renewed Motion for Partial Summary Judgment, filed October 29, 2010, and plaintiff Joshua Gerstein's ("Gerstein") Renewed Cross-Motion for Partial Summary Judgment and Opposition, filed November 15, 2010, to which OPR has filed a reply and opposition. Having read and considered the papers filed in support of and in opposition to the respective motions, the Court VACATES the hearing scheduled for January 14, 2011 and hereby rules as follows.

**BACKGROUND**

    The instant action arises from a FOIA request made by Gerstein, a reporter, to OPR and other government agencies, seeking documents related to "all so-called criminal referrals submitted by CIA to the [DOJ] since January 1, 2001 regarding unauthorized

disclosure of classified information to the press or public" and any subsequent investigations into those disclosures. (See Declaration of Joshua A. Gerstein, Ex. A (filed Oct. 13, 2006)).[1] After a series of motions, cross-motions, orders by this Court, and multiple productions of documents, the controversy has narrowed to OPR's redactions of four documents, OPR 79, OPR 84-26, OPR 108, and OPR 109, pursuant to Exemptions 6 and 7(C) of FOIA, in particular, OPR's withholding of portions of said documents providing information sufficient to identify two individuals who were the subjects of one of those investigations, and who ultimately were disciplined.[2]

By order filed September 17, 2010 ("Order"), the Court denied without prejudice OPR's Motion for Partial Summary Judgment with respect to OPR's above-referenced withholdings. (See Order at 3, 5); see also 5 U.S.C. § 552(b) (providing exemptions from FOIA disclosures).[3] Specifically, the Court found OPR's declarations filed in support of above-referenced withholdings were insufficient to "enable the Court to balance such individual's privacy interest against the public interest" as OPR had "provide[d] no information as to what those positions entail or as to either employee's position in the employer's hierarchical structure." (See Order at 4.) Additionally, the Court afforded OPR an opportunity to file a renewed motion for summary judgment, for the purpose of providing more detailed information as to the nature of the positions held by the subject employees. (See Order at 5.)

Thereafter, OPR filed the instant motion, along with a supporting declaration by

---

[1] The facts relevant to the parties' motions are set forth in detail in the Court's Order filed September 26, 2008. (See Order filed September 26, 2008 at 2-4.)

[2] The redacted portions are not limited to the names of the two individuals, but also include the precise place[s] of their employment, the details of the unauthorized disclosures, the publications in which the classified information appeared, the complainant's name, and the date[s] the investigations were opened. (See Eleventh Declaration of Joshua A. Gerstein ("Gerstein Decl.") Exs. OPR 79, OPR 24-26, OPR 108, OPR 109.)

[3] By the same order, the Court granted OPR's Motion for Partial Summary Judgment with respect to OPR's withholding of portions of the above-referenced documents pursuant to Exemption 5. (See Order at 5.)

2

Margaret S. McCarthy, Assistant Counsel with OPR, in which said declarant provides additional information. Specifically, as to the individual identified as an Assistant United States Attorney ("AUSA"), McCarthy states that an AUSA is "a line attorney" who "usually does not have supervisory authority and is not considered a high-level employee in the DOJ hierarchy," but that the subject AUSA, at the time of the OPR investigation, "was detailed to serve as the acting head of a DOJ component." (See McCarthy Decl. ¶¶ 11, 12.) With respect to the other individual, the individual identified as an "FBI Assistant Director in Charge," McCarthy states such position is a "supervisory position" and that the individual in question was the "head official of an FBI component." (See id. ¶ 12.) OPR continues to withhold portions of documents OPR 79, 84-26, 108, and OPR 109 to preserve the privacy interests of the AUSA (see id. ¶ 14); the withheld portions include material that would identify the FBI official, which material OPR seeks to withhold on the ground that, "given the nature of the investigation, if the identity of the Assistant Director in Charge was made public, it would be relatively easy to identity the [AUSA] who was also a subject of OPR's investigation" (see id. ¶ 12).[4]

Gerstein continues to oppose the above-referenced withholdings and seeks summary judgment requiring disclosure of the redacted portions of the documents; in the alternative, Gerstein requests the Court conduct an in camera review of the unredacted versions of the documents and afford him leave to conduct discovery. (See Opp. at 8.)

**ANALYSIS**

As noted-above, OPR has withheld portions of the above-referenced documents pursuant to FOIA Exemption 6 and 7(C). Pursuant to Exemption 6, the government need not disclose "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." See 5 U.S.C. § 552(b)(6). Pursuant to Exemption 7(C), the government need not disclose "records or information compiled for

---

[4] The documents before the Court reveal a single investigation of the two individuals with respect to a joint act of alleged misconduct, with identical findings made as to each. (See Gerstein Decl., Exs. OPR 79, OPR 84-26.)

3

law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." See 5 U.S.C. § 552(b)(7). The government bears the burden of showing the withheld information falls within the exemption it invokes. 5 U.S.C. §552(a)(4)(B). "[T]o determine whether a record is properly withheld, [courts] must balance the privacy interest protected by the exemptions against the public interest in government openness that would be served by disclosure." Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 973 (9th Cir. 2009). "Although both exemptions require such balancing, the analysis under the two provisions is not the same, as 'Exemption 7(C)'s privacy language is broader than the comparable language in Exemption 6.'" Id. at 974 (quoting U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 756 (1989)).

Here, the four documents under consideration were compiled in the course of an OPR investigation into the potentially illegal release of information by particular officials (see McCarthy Decl. ¶ 9; Second Declaration of Patricia Reiersen ("Reiersen Decl.") ¶ 9), and consequently constitute records "compiled for law enforcement purposes" under Exemption 7(C), see Kimberlin v. Dep't of Justice, 139 F.3d 944, 948-49 (9th Cir. 1998) (holding documents compiled in OPR investigation into "potentially illegal release of information by a particular, identified official" were "compiled for law enforcement purposes"). Further, because "the government claim[s] both exemptions for each disputed redaction, it need meet only the lower threshold of Exemption 7(C)." Lahr, 569 F.3d at 974.

A government employee enjoys a privacy interest in avoiding the "embarrassment and stigma" resulting from disclosure of disciplinary action. See Forest Serv. Emp. for Envtl. Ethics v. U.S. Forest Serv., 524 F.3d 1021, 1026 (9th Cir 2007)[5]; see also Stern v. FBI, 737 F.2d 84, 91-92 (9th Cir. 1984) (noting, a "primary purpose" of Exemption 7(C) is to

---

[5] Although Forest Service concerned a withholding under Exemption 6, rather than Exemption 7(C), "[b]ecause both exemptions require balancing public and private interests, cases arising under Exemption 6 also inform [the court's] analysis" under Exemption 7(C), Lahr, 569 F.3d at 974.

4

protect privacy of subjects of investigation; finding "strong interest" where "ultimate decision [is] not to prosecute"). On the other side of the balance, in order to advance the public's interest, the disclosure of government employees' identities must "shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." See Lahr, 569 F.3d at 978; see also Stern, 737 F.2d at 92 (noting public's interest in names of employees' subject to discipline is "in knowing who the public servants are that were involved in the governmental wrongdoing, in order to hold the governors accountable to the governed (emphasis omitted)).

"[T]he level of responsibility held by a federal employee, as well as the activity for which such an employee has been censured, are appropriate considerations for determining the extent of the public's interest in knowing the identity of the censured employee." Stern, 737 F.2d at 92; see Forest Serv., 524 F.3d at 1026 (noting courts place "emphasis on the employee's position in [an] employer's hierarchical structure as lower level officials generally have a stronger interest in personal privacy than do senior officials" (internal quotation and citation omitted)); Stern, 737 F.2d at 92-94 (finding public's interest greater where employee "found to have participated deliberately and knowingly" in wrongdoing as compared with employees "culpable only of inadvertence and negligence").

Here, the AUSA enjoys a privacy interest in avoiding disclosure of his/her identity, and thus avoiding the embarrassment and stigma associated with disciplinary action. See Forest Serv., 524 F.3d at 1026. While the public has an interest in knowing the identity of such individual, and although this particular AUSA was "a line attorney acting in a supervisory position" (see McCarthy Decl. ¶ 13), an AUSA is "not considered a high-level employee in the DOJ hierarchy," (see id. ¶ 11), and the public's interest in learning the identity of such individual is diminished, see also Kimberlin, 139 F.3d at 948 (identifying AUSA as "staff-level government lawyer"; holding AUSA's privacy interest in disciplinary record, even where lessened by AUSA's public statements about such discipline, outweighed public's interest in disclosure). Moreover, the DOJ concluded the disclosure was not intentional, and warranted only a "letter[] of caution." (See Gerstein Decl., Exs.

5

OPR 84-26, OPR 108.)[6]

Given the level of the employee in question, the lack of intentional misconduct, and the disclosure of non-exempt segregable portions of the documents, the Court, in "[b]alancing the privacy interests at stake against the public interest involved," Forest Serv., 524 F.3d at 1028, finds OPR has made a sufficient showing under Exemption 7(C) that disclosure of the identity of the AUSA "could reasonably be expected to constitute an unwarranted invasion of personal privacy." See 5 U.S.C. § 552(b)(7); Lahr, 569 F.3d at 978 (finding disclosure of individual employees' names to be of "marginal additional usefulness" and outweighed by employees' privacy interests); Kimberlin,139 F.3d at 949 (finding withholding disciplinary record of AUSA who released classified information proper under Exemption 7(C)); Stern, 737 F.2d at 92-94 (finding withholding identities of FBI agents proper under Exemption 7(C) where they "were culpable only of inadvertence and negligence"; contrasting "high-level employee who was found to have participated deliberately and knowingly" in wrongdoing").

As noted, OPR also seeks to withhold the identity of the FBI official, on the ground that a disclosure of his/her identity necessarily would disclose the identity of the AUSA. Ordinarily, the public's interest in disclosure increases with an employee's level of responsibility. See Forest Serv., 524 F.3d at 1026. Here, however, the public's interest must also be balanced against the AUSA's privacy interest, which remains as discussed above. In light of the lack of serious wrongdoing by the FBI official, the Court finds the AUSA's privacy interest continues to outweigh the public's interest, such that disclosure of the FBI official's identity "could reasonably be expected to constitute an unwarranted invasion of personal privacy" with respect to the AUSA. See 5 U.S.C. § 552(b)(7).

Accordingly, with respect to OPR's withholding of portions of OPR 79, OPR 84-26, OPR 108, and OPR 109 pursuant to Exemption 7(C), OPR's motion for summary judgment

---

[6] While OPR initially found the disclosure was intentional (see Gerstein Decl., Ex. OPR-79 at 4),"OPR is neither the proposing or deciding entity for meting out discipline to [DOJ] attorneys" (Reiersen Decl. ¶ 24).

1 will be granted.

2   In light of the above, the Court will deny Gerstein's cross-motion to the extent Gerstein seeks an order of disclosure, and further, the Court will deny Gerstein's cross-motion to the extent Gerstein requests the Court conduct an in camera review.  See Lewis v. IRS, 823 F.2d 375, 378 (9th Cir. 1987) (holding "district courts need not and should not make in camera inspections where the government has sustained its burden of proof on the claimed exemptions by public testimony or affidavits").  Lastly, the Court will deny Gerstein's cross-motion to the extent it requests discovery.  See Citizens Comm'n on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995) (affirming summary judgment in favor of agency where district court did not permit requested discovery; noting "[i]f the affidavits contain reasonably detailed descriptions of the documents and allege facts sufficient to establish an exemption, the district court need look no further").

## CONCLUSION

For the reasons set forth above,

1. Defendant OPR's Third Renewed Motion for Partial Summary Judgment is hereby GRANTED.

2. Gerstein's Renewed Cross-Motion for Partial Summary Judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 11, 2010

MAXINE M. CHESNEY
United States District Judge